UNITED STATES DISTRICT COURT **FILED**

DISTRICT OF SOUTH DAKOTA   FEB 17 2017

SOUTHERN DIVISION

*CLERK*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| TRAVIS BARTHEL, | * | CIV. 16-4176 |
| | * | |
| Plaintiff, | * | |
| | * | MEMORANDUM OPINION |
| -vs- | * | AND ORDER ON MOTION FOR |
| | * | DEFAULT JUDGMENT |
| | * | |
| COBRA ENTERPRISES OF UTAH, INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff, Travis Barthel, has filed an Application for Default Judgment. (Doc. 6.) Defendant, Cobra Enterprises of Utah, Inc., has been served with a Summons and Complaint, but it has failed to appear and answer the Complaint. Default was entered by the Clerk on February 16, 2017.

## BACKGROUND

According to the Complaint, Plaintiff is a South Dakota citizen. Defendant is a corporation engaged in the business of manufacturing Derringers with a principal place of business outside of South Dakota. Plaintiff was injured when one of Defendant's Derringers fired unexpectedly.

## DISCUSSION

Under Rule 55, "[w]hen a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *See Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783 (8th Cir. 1998). "Entry of a default under Federal Rule of Civil Procedure 55(a) is not, as such, entry of a judgment; it merely permits the plaintiff to move for a default judgment under Rule 55(b)(2), assuming that the default is not set aside under Rule 55(c)." *Inman v. American Home Furniture Placement, Inc.,* 120 F.3d 117, 118 n. 2 (8th Cir. 1997). Thus, Rule 55 requires two steps before entry of a default judgment: "first, pursuant to Fed.R.Civ.P. 55(a), the party seeking a default judgment must have the clerk enter

the default by submitting the required proof that the opposing party has failed to plead or otherwise defend; second, pursuant to Fed.R.Civ.P. 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule." *Dahl v. Kanawha Inv. Holding Co.,* 161 F.R.D. 673, 683 (N.D.Iowa 1995). In this case, the Clerk of Court has entered default pursuant to Rule 55(a), completing the first step in the process toward default judgment. Plaintiff is now permitted to move for a default judgment under Rule 55(b)(2).

In the Eighth Circuit, the entry of default judgment is appropriate when a party's conduct includes "'willful violations of court rules, contumacious conduct, or intentional delays.'" *Ackra Direct Mktg. Corp. v. Fingerhut Corp.,* 86 F.3d 852, 855 (8th Cir. 1996) (quoting *United States v. Harre,* 983 F.2d 128, 130 (8th Cir.1993)); *see also Taylor v. City of Ballwin,* 859 F.2d 1330, 1332 (8th Cir. 1988) (quoting *E.F. Hutton & Co. v. Moffatt,* 460 F.2d 284, 285 (5th Cir.1972)); *Inman,* 120 F.3d at 119. Default judgments are not favored by the law, and default judgment is not an appropriate sanction for a "marginal failure to comply with time requirements." *Harre,* 983 F.2d at 130.

Based on the record in this case, the Court cannot conclude that Defendant has engaged in willful violations of court rules, contumacious conduct, or intentional delay. Default was entered just over a month after Defendant was served with the Summons and Complaint, and it does not appear that Defendant received copies of the Application for Default Judgment or the Affidavit of Seamus W. Culhane in Support of Default Judgment. Based on Exhibit 2 of the Culhane Affidavit, it appears that Plaintiff's lawyer was in contact with Defendant's lawyer before the Complaint was filed and served. After Plaintiff serves Defendant with the Application for Default Judgment and the Affidavit of Seamus W. Culhane in Support of Default Judgment, the Court will consider a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). If such a motion for a default judgment is filed, the Court will decide whether a hearing is necessary to determine whether Defendant's failure to appear and to answer the Complaint constitutes culpable conduct entitling Plaintiff to a default judgment. Accordingly,

IT IS ORDERED that if Plaintiff files a motion for a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), he shall submit proof that Defendant has been served with copies of this Order, the Application for Default Judgment, the Clerk's Entry of Default, and the Affidavit of Seamus W. Culhane, or explain his attempt or attempts to serve the documents if service is not successful.

Dated this 17th day of February, 2017.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
    (SEAL)        DEPUTY

3